# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| EDWARD PATTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FMS, INC.;<br>and DOE 1-5<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>) COMPLAINT<br>)<br>)<br>)<br>) |

**(Jury Trial Demanded)**

1.　Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.　This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within and Defendants engaged in activity alleged while Plaintiff while Plaintiff so resided.

## PARTIES

1

3. Plaintiff, EDWARD PATTON (hereinafter "Plaintiff" or "Mr. Patton") is a natural person residing in Vidor, Texas.  Defendant FMS, INC. (hereinafter "Defendant"), is believed to be a corporation maintaining its principle place of business at 4915 South Union Avenue in Tulsa, OK.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.  Defendants FMS, INC. and DOE 1-5 shall be jointly referred to as "Defendants" herein.

4. Defendants regularly operate as third-party debt collector and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. Defendants made collection calls to Mr. Patton's home phone in an attempt to collect a consumer debt from a person Mr. Patton has no knowledge of.

6. In mid- 2010, Defendants began contacting Mr. Patton by telephone in an attempt to reach a person Mr. Patton has no knowledge of or contact information for.

7. Prior to November 1, 2011, Mr. Patton had informed Defendant on at least five occasions that he had no knowledge of the person Defendants were calling for and to stop calling him.

8. On November 1, 2011, Defendants called Mr. Patton yet again. Mr. Patton informed the collector once again that the person they were attempting to reach was unknown to him. Although the collector advised Mr. Patton that his number would be removed, the collector refused to identify himself by name. Mr. Patton returned the call (from the caller-ID) and was able to identify the collector as Scott. Scott then refused to identify the name of his company and hung up on Mr. Patton. Mr. Patton called back two more times with the same result. Determined to identify the source of the calls, Mr. Patton kept calling until a person identifying himself as Christian answered the call. Christian assured Mr. Patton that his number would be removed from Defendants' system.

9. On November 3, 2011, Defendants called Mr. Patton again.

10. Harassed and unable to stop the calls, Mr. Patton retained counsel with Robert Amador of Centennial Law Offices.

11. After making a series of calls to Defendants, Mr. Amador was able to determine that Defendants had been calling Mr. Patton in an errant attempt to collect a consumer debt from a person Mr. Patton has no knowledge of.

## CAUSES OF ACTION

### COUNT I

12. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692b with regards to Plaintiff as follows: 1.) Defendants failed to identify themselves or the name of their company when making calls to

Plaintiff; and 2.) Defendants continued to contact Plaintiff in an attempt to contact an alleged debtor without Plaintiff's consent.

## COUNT II

13.     Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d with regards to Plaintiff as follows: 1.) Defendants' continued calls to Plaintiff after Plaintiff demanded the calls be terminated constitutes conduct the natural consequence of which was to harass Plaintiff in connection with the collection of a consumer debt; and 2.) Defendants calling Plaintiff's home telephone number and repeatedly hanging up on Plaintiff upon being asked to identify themselves constitutes conduct the natural consequence of which was to harass Plaintiff in connection with the collection of a consumer debt

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery, damages for Count I and II being in the alternative, as follows:

### COUNT I

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,155.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

### COUNT II

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,155.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Date:  October 31, 2012

_____

Robert Amador, Esq.
Attorney for Plaintiff EDWARD PATTON
Centennial Law Offices

                                          9452 Telephone Rd. 156
                                          Ventura, CA. 93004
                                          (888)308-1119 ext. 11
                                          (888)535-8267 fax
                                          R.Amador@centenniallawoffices.com